T.C. Summary Opinion 2011-51

UNITED STATES TAX COURT

REGINALD L. MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8657-10S.            Filed April 18, 2011.

Reginald L. Moore, pro se.

<u>Priscilla A. Parrett</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2007, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,900 income tax deficiency and a $1,180 section 6662(a) accuracy-related penalty for petitioner's 2007 tax year. The income tax deficiency is attributable to respondent's disallowance of various deductions petitioner claimed on Schedule A, Itemized Deductions, and Schedule C, Profit of Loss From Business. We consider whether petitioner has substantiated the expenses for which the deductions were claimed and/or whether they are ordinary and necessary business expenses. We also consider whether petitioner is liable for the section 6662(a) accuracy-related penalty.

## Background

Petitioner resided in California at the time his petition was filed. During 2007 petitioner was a high school teacher working for the Inglewood Unified School District (Unified). Petitioner also worked in Unified's afterschool program tutoring special needs students in their homes. He would tutor students in various subjects. Some of the students were not motivated to learn, and petitioner used unique teaching aids to motivate them. He would purchase contemporary music CDs and ask the student to write the words of the songs or, in some way, to vary the words of the songs. Another approach he used was to rent movies and

provide them to the student with an assignment to watch the movie and write some type of report.

Petitioner tutored every school day and drove from the high school to the student's home to perform his tutoring function. He was paid by Unified for his extracurricular tutoring, but he received no reimbursement for his expenses, including travel.

Petitioner's 2007 Federal income tax return included two Schedules C and one Schedule A. On the Schedules C petitioner reported two ostensibly separate activities--one involving his tutoring activity and business (first Schedule C) and the other involving the development of Portugese language aids (second Schedule C). The Schedules C were denominated "Curriculum Design Services". The first Schedule C reflected no income and a $17,192 loss comprising the following categories and amounts of expenses:

| | | | |
|------------|--------|----------------------|--------|
| Advertising | $256 | Office expense | $150 |
| Car & truck | 1,882 | Rent | 276 |
| Depreciation | 384 | Repairs | 401 |
| Other | 469 | Travel | 4,956 |
| Legal & prof. | 3,204 | Meal & entertainment | 2,160 |
| Supplies | 1,598 | Utilities | 1,456 |

In the notice of deficiency, respondent did not make any adjustments regarding the expenses claimed on the first Schedule C.

The second Schedule C reflected negative gross income of $2,600 and expenses of $7,843 as follows: Supplies--$1,245, travel and entertainment--$6,241, meals and entertainment--$357,

for a total loss of $10,443. Respondent disallowed substantially all of the deductions petitioner claimed on the second Schedule C. Petitioner's Portugese language activity involved his regularly traveling to Brazil and accumulating colloquial and street phrases on 3- by 5-inch cards in order to make a compendium of cards to be used as an aid for travelers to Brazil. When in Brazil he was a tourist (not on a business visa), and he would record colloquial phrases during his visit. Petitioner was not fluent in Portugese. He also communicated with individuals in Brazil by means of the Internet and by telephone. His goal was to put together a complete set of cards that he would market to individuals who traveled to Brazil or in other ways communicated with Brazilians for social or business purposes. Through the 2007 tax year petitioner had not reported any income or sales from this activity.

The disputed deductions on the Schedule A attached to petitioner's 2007 tax return included $11,839 of unreimbursed employee expenses, consisting of $4,894 and $3,638 for vehicle expenses, $136 for business expenses, $540 for parking fees, $65 for travel while away from home, $1,574 for business expenses, $42 for meals, and $950 for qualified educator expenses. Also claimed were a $135 tax preparation fee and other expenses of $3,100 for a total of $15,074. Because of the 2 percent of adjusted gross income threshold, petitioner deducted

$13,502 of the disputed Schedule A deductions.  In the notice of deficiency, respondent allowed the $135 for tax preparation and disallowed the remaining $14,939 of deductions as being duplicative of amounts petitioner claimed and respondent allowed on the first Schedule C.

## Discussion

Petitioner claimed business and employee expenses on two Schedules C and a Schedule A.  Respondent allowed all of the expenses on the first Schedule C and disallowed substantially all of the business and employee deductions claimed on the second Schedule C and the Schedule A.  Respondent contends that the disallowed amounts are unsubstantiated and/or duplications of amounts claimed on the first Schedule C.  Alternatively, to the extent that petitioner can show that the amounts on the second Schedule C are not duplications, respondent contends that petitioner's Portugese language activity was not a trade or business and/or that petitioner's expenditures were personal.

In the case of claimed deductions, taxpayers bear the burden of showing that the Commissioner's determination is in error. Rule 142.[2]  Petitioner has supplied extensive documentation in the form of receipts and other materials reflecting his expenditure of various amounts for specific purposes.  The

---

[2]No question was raised by either party regarding the shifting of the burden of proof under sec. 7491(a).

question remains as to whether petitioner duplicated those expenditures in his return and/or whether they are otherwise deductible.  We have carefully reviewed the evidence and compared the various schedules and must conclude and hold that, with the exception of the Brazilian travel expenses, petitioner has claimed duplicate amounts on the second Schedule C and the Schedule A that were already claimed and that respondent allowed on the first Schedule C.  One such example is the $3,204 of legal and professional services expenses claimed on the first Schedule C and the $3,100 claimed on the Schedule A.  Another example is that petitioner claimed $1,882 in travel expenses on his first Schedule C for his tutoring business, and he also claimed $4,894 of travel expenses as unreimbursed employee expenses on his Schedule A.  Petitioner was not able to provide an adequate explanation for these duplications.  We also found petitioner's explanation of the $2,600 of "negative gross income" to be curious and without substance.  During the trial petitioner's explanation of some of the adjustments reflected his propensity to exaggerate or duplicate expenditures.  This aspect is also reflected by the documentation.  For example, he claimed to have supplied tutoring students with various items, but on closer examination these items were actually and obviously for petitioner's personal consumption.

Taxpayers are allowed deductions for ordinary and necessary expenses paid or incurred in the carrying on of a trade or business or for the production of income.  Secs. 162(a), 212(1). A taxpayer, however, is not engaged in a trade or business or an income-producing activity until the business or activity begins to function as a going concern.  Additionally, deductions are not allowed for personal expenses.  Sec. 262(a).  We find these principles especially applicable with respect to the travel and other deductions claimed in connection with petitioner's Portugese language activity.

Petitioner's Portugese language activity was not a going concern, and his trips to and expenditures concerning Brazil were personal.  Accordingly, even if petitioner could show that any of the claimed amounts were not duplicated, they would not be deductible.[3]  See secs. 195, 262(a).

Finally, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty for negligence or disregard of rules or regulations and/or a substantial understatement of income tax under section 6662(b)(1) and (2) for 2007.  Respondent bears the burden of production with respect to the penalty, see sec. 7491(c), but petitioner has the burden of

---

[3]It is noted that our comparison of petitioner's substantiation with the amounts claimed on the Schedules C reflect that respondent may have been generous in the allowance of all of the amounts claimed.

proof with respect to reasonable cause, etc., see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). A taxpayer may be liable for a 20-percent penalty on any underpayment of tax attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax. Sec. 6662(a) and (b)(1) and (2). "Negligence" is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" means any careless, reckless, or intentional disregard. Sec. 6662(c). An underpayment is not attributable to negligence or disregard to the extent that the taxpayer shows that the underpayment is due to reasonable cause or good faith. Sec. 6664(c); Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); see also secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs. A substantial understatement of income tax is an understatement that exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A).

Petitioner is an educator who uses creative means to motivate his students. For that, he must be admired. He is also entrepreneurial and is attempting to develop businesses and business models related to tutoring that can provide him with a livelihood after he retires from public education. That is also admirable. His tax return preparation and recordkeeping, however, are not models of precision. Petitioner used a

computerized tax return program to prepare his 2007 tax return, and he supplied the information that the program, in turn, placed on the tax return and the appurtenant schedules. In that process, however, he is not relieved from reviewing the information on the tax return to determine whether it is correct.

Petitioner is well educated, and we cannot accept as reasonable his explanation that he merely puts in the numbers and relies completely on the computer program. That explanation is not sufficient to permit petitioner to avoid the penalty. That is so because of the amount of obviously duplicated expenditures and the personal nature of the Brazilian travel and related expenditures. Petitioner's treatment of that activity as a business is nothing less than hyperbole.

We accordingly hold that petitioner is liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

Decision will be entered

for respondent.